UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PAMELA TILLEY,

                      Plaintiff,

— against —

ADM SECURITY INVESTIGATIONS,

                      Defendant.
----------------------------------------------------------X

**MEMORANDUM and ORDER**

07-CV-2284 (SLT)(LB)

**TOWNES, United States District Judge**[1]**:**

On June 4, 2007, plaintiff *pro se*, Pamela Tilley ("Plaintiff"), filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000(e), *et seq.*, against her former employer, defendant ADM Security Investigations ("Defendant" or "ADM").[2] Defendant now moves to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

On or about June 5, 2006, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"), alleging that Defendant unlawfully discriminated and retaliated against her in violation of New York law. *See* Am. Compl. at 4, ¶ 9. On or about May 31, 2007, the NYSDHR issued a Determination and Order After Investigation ("NYSDHR Decision"),

---

[1] The Court wishes to acknowledge the capable assistance of a student intern, Michael Gibek of Hofstra University School of Law, in the preparation of this Memorandum and Order.

[2] In a prior action, plaintiff sued a different former employer alleging employment discrimination based on her age, which was dismissed by stipulation and order on March 7, 2007. *See Tilley v. RAVS Security*, No. 06-CV-2716 (SLT)(LB).

finding that there was insufficient evidence of a discriminatory practice and dismissing Plaintiff's complaint. *See* Compl., Ex. A.[3]

Thereafter, on June 4, 2007, Plaintiff commenced this action by filing a form complaint alleging that Defendant unlawfully discriminated against her in violation of the ADA by terminating her employment, failing to accommodate her disability, providing her with unequal terms and conditions of employment, and retaliating against her. *See* Compl. at 3, ¶ 4. On June 15, 2007, this Court issued a Memorandum and Order granting Plaintiff's request to proceed *in forma pauperis*, and concluding that the complaint was both substantively and procedurally deficient. The Court ordered Plaintiff to file an amended complaint containing a short plain statement supporting her claim of discrimination under the ADA and a notice from the EEOC granting her a right to sue.

On June 18, 2007, Plaintiff filed an amended complaint in which she alleged that Defendant violated the ADA and Title VII. She also attaches two copies of the EEOC Dismissal and Notice of Rights ("Right to Sue Notice") that states, "[t]he EEOC has adopted the findings of the state or local fair employment practice agency that investigated this charge," here the NYSDHR. *See* Am. Compl., Ex. B.[4] Further, it sets forth that Plaintiff "may file a lawsuit against the [Defendant] under federal law based on this charge in federal or state court." *Id.*

Although the amended complaint contains substantially the same factual allegations as the initial complaint, Plaintiff now seeks relief pursuant to Title VII and the ADA. In essence, Plaintiff continues to allege that she was subject to harassment on the job, including being

---

[3] Although Plaintiff attaches the NYSDHR Decision to the initial complaint filed in this Court, she failed to label it as an exhibit. Nonetheless, the Court will reference the attached decision as Exhibit "A."

[4] As with her initial complaint, Plaintiff attaches the EEOC Right to Sue Notice to her amended complaint and again she failed to label it as an exhibit. Nonetheless, the Court will reference the attached decision as Exhibit "B."

hospitalized due to rat droppings placed in her food, unlawful camera surveillance while in the bathroom, and eventually termination. *See* Am. Compl. at 3, ¶ 6 and 4, ¶ 8. Absent from both complaints is any allegation that Defendant committed these acts due to her unspecified disability or membership in a protected class. Now, Defendant moves to dismiss Plaintiff's action pursuant to Rule 12(b)(6).

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007); *Ofori-Tenkorang v. Am. Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006). A court must then determine whether a plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly v. Bell Atl. Corp.*, — U.S. —, 127 S. Ct. 1955, 1974 (2007). As the Second Circuit recently stated, the "flexible 'plausibility standard'" enunciated in *Twombly* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis added).

Because "a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint," *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (internal citations omitted), *cert. denied*, 503 U.S. 960 (1992), a court deciding such a motion "is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, in some circumstances, a court may consider documents other than the complaint. For example, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Id.* (citing *Pani v. Empire*

3

*Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1997), *cert. denied*, 525 U.S. 1103 (1999)).[5]

**DISCUSSION**

The Court is cognizant that a *pro se* complaint is to be construed liberally, and interpreted to raise the strongest arguments it suggests. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Plaintiff's pleadings need only aver "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that all "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). However, as demonstrated below, Plaintiff has failed to sufficiently state any of the claims raised in her amended complaint, even under the most liberal reading of her pleadings.

*A. ADA Claim*

"No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim under the ADA, Plaintiff must establish a *prima facie* case of discrimination which requires her to show that: (1) her employer is subject to the ADA; (2) she suffers from a disability within the meaning of the ADA; (3) she could perform the essential functions of her job with or without reasonable accommodation; and (4) she suffered adverse employment action because of her disability. *See Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1035 (2d Cir. 1993); *see also Wernick v. Fed. Reserve Bank of N.Y.*, 91 F.3d 379, 383 (2d Cir. 1996) (holding that a plaintiff must assert at the very least that: (1) she is disabled for the purposes of the ADA, and (2) she was treated in a discriminatory manner on account of her actual or perceived disability).

---

[5] Here, the Court will consider the documents attached to Plaintiff's form complaints, namely the NYSDHR Decision and the EEOC Right to Sue Notice. *See Roth*, 489 F.3d at 509.

4

Here, Plaintiff has failed to follow this Court's directive that ordered her to provide a short and plain statement as to why she is entitled to relief under the ADA. Even under the most liberal reading of Plaintiff's amended complaint, this Court finds that Plaintiff has failed to describe her disability, her qualifications for her job position, or how her former employer's conduct related to an alleged disability. Particularly fatal to her ADA claim is the fact that she has failed to identify any disability from which she suffers. Accordingly, Plaintiff's ADA claim is dismissed.[6]

### B. *Title VII Claim*

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1). As with her ADA claim, Plaintiff must establish a *prima facie* case under Title VII, which requires her to show: (1) that she was a member of a protected class; (2) that her job performance was satisfactory; (3) that, despite her qualifications, she suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances that give rise to an inference of discriminatory intent. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If established, a *prima facie* case "creates a presumption that the employer unlawfully discriminated against the employee," *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981), which then requires the employer to offer a legitimate, nondiscriminatory reason for its actions. *See McDonnell Douglas*, 411 U.S. at 802.

---

[6] Defendant also seeks dismissal of Plaintiff's ADA due to her failure to exhaust her administrative remedies. Since Plaintiff's ADA claim is dismissable on other grounds, it is unnecessary to address Defendant's alternative argument.

Here, Plaintiff has failed to adequately plead any element of a *prima facie* case under Title VII, except that she had suffered an adverse employment action (*e.g.*, termination). Although Plaintiff failed to explicitly identify her protected class in her amended complaint, the Court can at least infer that her female gender satisfies her proof regarding membership in a protected class. However, Plaintiff's amended complaint fails to allege any facts from which it could be inferred that her gender played any role in Defendant's employment decision towards her. Nor does Plaintiff describe with any level of specificity her job qualifications or performance. Accordingly, Plaintiff's Title VII claims are dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is GRANTED, and Plaintiff's amended complaint is dismissed with prejudice. Therefore, the Clerk of Court is directed to enter judgment in favor of Defendant, dismissing this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purposes of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 24, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge